UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.

MICHAEL STEVENSON VIANDS, a/k/a
Mike,
                    *Defendant-Appellant.*

No. 01-4554

Appeal from the United States District Court
for the Northern District of West Virginia, at Martinsburg.
W. Craig Broadwater, District Judge.
(CR-00-57)

Submitted: May 17, 2002

Decided: June 6, 2002

Before WIDENER, NIEMEYER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Mark Jenkinson, DOUGLAS & JENKINSON, Martinsburg, West Virginia, for Appellant. Thomas E. Johnston, United States Attorney, Thomas O. Mucklow, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Michael S. Viands appeals his 238-month sentence imposed upon his conviction following his guilty plea for distribution of cocaine base within 1000 feet of a school, in violation of 21 U.S.C. § 846, 860 (1994). Viands' attorney filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). Viands filed a pro se supplemental brief. We affirm.

The first issue raised in the *Anders* brief is whether the district court erred when it declined to award Viands a three-level downward departure for acceptance of responsibility pursuant to *U.S. Sentencing Guidelines Manual* §§ 3E1.1(a), (b) (2000) and increased his offense level by two pursuant to USSG § 3C1.1 for obstruction of justice. We review the district court's factual findings as to whether to apply a sentence reduction or enhancement for clear error and review the district court's legal interpretation of the Sentencing Guidelines de novo. *United States v. Hudson*, 272 F.3d 260, 263 (4th Cir. 2001). Because Viands failed to appear for sentencing, fled the jurisdiction, and led authorities on a high speed chase before being apprehended, we find the district court did not err in denying a reduction for acceptance of responsibility and applying an enhancement for obstruction of justice. *Id.*

Next, we find Viands' sentence of 238 months does not implicate *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because the sentence does not exceed the statutory maximum of 480 months as set forth in § 860.* *See United States v. Kinter*, 235 F.3d 192, 199-202 (4th Cir. 2000), *cert. denied*, 532 U.S. 937 (2001) (holding *Apprendi* is not

---

*The initial maximum sentence for possession with intent to distribute is twenty years under § 841(b)(1)(C). Under § 860, the maximum doubles when the offense was committed within 1000 feet of a school.

implicated by an application of the Sentencing Guidelines that increases the sentencing range, so long as the sentence imposed does not exceed the statutory maximum).

In his supplemental pro se brief, Viands contends the district court exposed him to double jeopardy by sentencing him under both § 841 and § 860. Although the indictment, plea agreement, and judgment recite both statutory provisions, the language describing the nature of the offense of conviction in these instruments, the punishments, the single count, and the single special assessment show Viands was convicted only of the § 860 offense. The recitation of both statutory provisions in the indictment, plea agreement, and judgment results from the fact that § 860 enhances the punishment for § 841(a) offenses committed near a school. Therefore, we find Viands was not subject to double jeopardy.

As required by *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Viands' conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*