UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

JOSEPH R. BRANNON,
          *Defendant-Appellant.*

No. 01-4907

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Irene M. Keeley, Chief District Judge.
(CR-01-16)

Submitted: May 31, 2002

Decided: June 20, 2002

Before LUTTIG and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Jason D. Parmer, Morgantown, West Virginia, for Appellant. Robert H. McWilliams, Jr., Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Joseph R. Brannon appeals his conviction entered on his guilty plea to aiding and abetting the distribution of crack cocaine in violation of 21 U.S.C. § 841(a) (1994). Brannon noted a timely appeal and his counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), in which he represents that there are no arguable issues of merit in this appeal. Nonetheless, in his brief, counsel addressed the possibility that the district court committed error at sentencing based on its determination of relevant conduct and its denial of a downward adjustment for acceptance of responsibility. The time for filing a supplemental brief has passed and Brannon has not responded, despite being informed of his right to do so. Finding no merit to the claims advanced by counsel and discovering no reversible error in our own review of the record before us, we affirm Brannon's conviction and sentence.

In his brief on appeal, Brannon's counsel first suggests that the district court ran afoul of the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), by including an uncharged crack cocaine transaction in the relevant conduct employed for determining Brannon's Sentencing Guidelines range. However, as counsel ultimately concludes, there is no *Apprendi* violation where consideration of the relevant conduct by the district court does not raise the statutory maximum. Brannon's 100-month sentence reflects a legitimate exercise of the district court's discretion. *United States v. Kinter*, 235 F.3d 192, 199-200 (4th Cir. 2000), *cert. denied*, 532 U.S. 937 (2001); *see* 21 U.S.C.A. § 841(b)(1)(C) (West 1999 & Supp. 2002) (setting statutory maximum for Brannon's offense at twenty years).

Brannon's counsel also contends that the district court erred in declining to give him the benefit of a three-level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(a). In light of Brannon's conduct while on pretrial release, however, we find no clear error in the district court's refusal to award a downward adjustment. *United States v. Hudson*, 272 F.3d 260, 263 (4th Cir. 2001); *United States v. Miller*, 77 F.3d 71, 74 (4th Cir. 1996). Brannon's conduct

after entering his guilty plea amply demonstrated that he had failed to accept responsibility for his actions.

As required by *Anders*, we have independently reviewed the entire record and all pertinent documents. We have considered all possible issues presented by this record and conclude that there are no non-frivolous grounds for this appeal. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, 18 U.S.C. § 3006A (1994), this court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by the client to do so, counsel should prepare a timely petition for writ of certiorari, unless counsel believes that such a petition would be frivolous. In that case, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. Counsel's pending motion to withdraw is denied without prejudice to counsel's ability to refile the motion in accordance with this opinion.

Brannon's conviction and sentence are hereby affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*