**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                            No. 01-4545

DRAMANE DIOMBERA,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Patrick Michael Duffy, District Judge.
(CR-99-750)

Submitted: September 19, 2002

Decided: September 26, 2002

Before WILKINS, LUTTIG, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Michael P. O'Connell, STIRLING, O'CONNELL & PENNINGTON, Charleston, South Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attorney, Deborah B. Barbier, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Dramane Diombera appeals his 210-month sentence for conspiracy to possess with intent to distribute and distribution of over one kilogram of heroin in violation of 21 U.S.C. § 846 (2000).* Diombera claims his sentence is erroneous under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because the district court refused to submit sentencing guideline factors to the jury, specifically the exact amount of heroin Diombera conspired to distribute, including any amount attributed to him by way of relevant conduct, and whether he played a leadership role in the conspiracy. We review questions of law regarding the application of the sentencing guidelines de novo. *See United States v. Hudson*, 272 F.3d 260, 263 (4th Cir. 2001).

Diombera's arguments are meritless. First, his indictment included the element of the threshold drug quantity—more than one kilogram of heroin—necessary to trigger the statutory sentencing range of ten years to life. *See* 21 U.S.C. § 841(b)(1)(A)(i) (2000). Diombera's sentence thus did not exceed the statutory maximum. Moreover, his argument that sentencing enhancements under the sentencing guidelines must be submitted to the jury is foreclosed by our decision in *United States v. Kinter*, 235 F.3d 192, 201-02 (4th Cir. 2000), *cert. denied*, 532 U.S. 937 (2001). Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

*Diombera does not challenge his conviction and twelve-month concurrent sentence for simple drug possession.