UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

JOHN FITZGERALD HUDSON,
          *Defendant-Appellant.*

No. 02-4903

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Richard L. Voorhees, District Judge.
(CR-99-134-V)

Submitted: August 29, 2003

Decided: September 17, 2003

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Randolph M. Lee, Charlotte, North Carolina, for Appellant. Karen Marston Wilson, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Following his conviction for drug trafficking, John Fitzgerald Hudson was sentenced to 135 months in prison. The United States appealed, arguing that the district court erred in denying a two-level enhancement for obstruction of justice and finding that Hudson was entitled to a reduction of his offense level for acceptance of responsibility. We reversed "the district court's failure to apply the obstruction of justice enhancement and its grant of a reduction for acceptance of responsibility." *United States v. Hudson*, 272 F.2d 260, 264 (4th Cir. 2001). We remanded for resentencing. *Id.*

At resentencing, the district court enhanced Hudson's offense level for obstruction of justice and did not reduce his offense level for acceptance of responsibility. Hudson's resulting offense level was 36, and his criminal history category was III, resulting in a guideline range of 235-293 months. He received a 235-month sentence.

Hudson now appeals. His attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), claiming that venue was improper in the Western District of North Carolina but stating that there are no meritorious issues for appeal. Hudson has filed a pro se brief in which he asserts improper venue as well as miscalculation of his criminal history category. We affirm.

Under the mandate rule, consideration of the propriety of venue and the calculation of Hudson's criminal history category is foreclosed because these issues were not raised in the original appeal and are not reasonably within the scope of the mandate. *See United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993). We accordingly decline to address these issues because they are not properly before us.

We therefore affirm. We have, as required by *Anders*, reviewed the entire record and have found no meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If Hudson requests that a petition be filed, but counsel believes that

such a petition would be frivolous, then counsel may move in this court to withdraw from representation. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*