**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4653

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CAREY DEVON WASHINGTON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:03-cr-00125-BO)

Submitted: June 11, 2007    Decided: July 9, 2007

Before WILLIAMS, Chief Judge, DUNCAN, Circuit Judge, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan Dubois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Frank DeArmon Whitney, United States Attorney, Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carey Devon Washington appeals his sentence to 188 months in prison and five years of supervised release after pleading guilty to conspiracy to distribute and to possess with intent to distribute more than fifty grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000). Washington's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting, in his opinion, there are no meritorious grounds for appeal but raising the issue of whether the district court erred in sentencing Washington under a de facto mandatory guideline system preventing the court from giving adequate weight to all of the sentencing factors under 18 U.S.C. § 3553(a) (2000). The Government has not filed an answering brief. Washington was advised of his right to file a pro se supplemental brief but has not done so. Finding no reversible error, we affirm.

We will affirm a sentence imposed by the district court as long as it is within the statutorily prescribed range and reasonable. United States v. Hughes, 401 F.3d 540 (4th Cir. 2005). Although the guidelines are no longer mandatory, they must still be consulted and taken into account when sentencing. United States v. Booker, 543 U.S. 220, 264 (2005). In sentencing a defendant, the district court must: (1) properly calculate the guideline range; (2) determine whether a sentence within that range serves the factors under 18 U.S.C. § 3553(a) (2000); (3) implement mandatory

statutory limitations; and (4) explain its reasons for selecting a sentence, especially one outside the range.  <u>United States v. Green</u>, 436 F.3d 449, 455-56 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 2309 (2006).  A sentence within a properly calculated range is presumed to be reasonable.  <u>Id.</u> at 457.  This presumption can only be rebutted by showing the sentence is unreasonable when measured against the § 3553(a) factors.  <u>United States v. Montes-Pineda</u>, 445 F.3d 375, 379 (4th Cir. 2006), <u>pet. for cert. filed</u>, __ U.S.L.W. __ (July 21, 2006) (No. 06-5439).  While a district court must consider the various factors and explain its sentence, it need not explicitly reference § 3553 or discuss every factor on the record. <u>United States v. Johnson</u>, 445 F.3d 339, 345 (4th Cir. 2006).

Initially, Washington contends this court's presumption of reasonableness accorded to post-<u>Booker</u> sentences imposed within a properly calculated guideline range is unconstitutional.  This court's precedent, however, forecloses this argument.  <u>See, e.g.</u>, <u>Montes-Pineda</u>, 445 F.3d at 379; <u>Johnson</u>, 445 F.3d at 341-42; <u>United States v. Moreland</u>, 437 F.3d 424, 433 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 2054 (2006); <u>Green</u>, 436 F.3d at 457.  Because one panel of this court cannot overrule another, we decline Washington's invitation to ignore established authority.  <u>See</u> <u>United States v. Chong</u>, 285 F.3d 343, 346-47 (4th Cir. 2002).

Washington next contends that the district court erred by failing to give adequate weight to all of the sentencing factors

under 18 U.S.C. § 3553(a) in his case.  We disagree.  First, the court properly calculated Washington's advisory guideline range. The probation officer determined his base offense level was thirty-two, and she added two levels for obstruction of justice based on Washington's failure to appear at his previous sentencing hearing. With a total offense level of thirty-four and criminal history category III, the guideline range was 188 to 235 months.  Although Washington objected to not receiving a reduction for acceptance of responsibility, the court properly overruled the objection.  See United States v. Hudson, 272 F.3d 260 (4th Cir. 2001).

In making its determination, the district court asked about the details of Washington's flight and his cooperation with the Government.  His counsel informed the court that although he failed to appear for his previous sentencing hearing, he remained in the area working for a legitimate business.  However, he did not turn himself in but was apprehended by authorities.  Although he gave some information to the Government, his efforts to cooperate were unsuccessful in providing substantial assistance.  The court sentenced Washington to the low end of his advisory guideline range based on his cooperation and the significant increase in the range associated with his non-appearance at sentencing.  On appeal, Washington contends that the district court failed to give full weight to the mitigating factors present in his case, namely, the factors associated with his flight.  However, the court took these

- 4 -

factors into account when sentencing him to the low end of his advisory guideline range, and Washington has not rebutted the presumption that his sentence is reasonable.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>