**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-5221

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DAVID HERMAN KALE, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., Chief District Judge.  (3:05-cr-00209)

Submitted:  August 8, 2007       Decided:  August 23, 2007

Before WILKINSON, NIEMEYER, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Algernon Williams, Sr., LAW OFFICE OF ALGERNON WILLIAMS, Charlotte, North Carolina, for Appellant.  Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Herman Kale, Jr., pled guilty to one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371 (2000), one count of obstructing and delaying commerce by robbing a gas station and aiding and abetting such conduct in violation of 18 U.S.C. §§ 1951, 2 (2000), one count of using and brandishing a firearm during a crime of violence, in violation of 18 U.S.C.A. § 924(c) (West 2000 & Supp. 2007), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000). With respect to the § 924(c) conviction, the district court found Kale intentionally fired the firearm at the pursuing officer which makes him eligible for a mandatory minimum ten year sentence. On appeal, Kale argues the court's finding was clearly erroneous. Finding no error, we affirm.[*]

The district court's factual findings at sentencing are reviewed for clear error. United States v. Hudson, 272 F.3d 260, 263 (4th Cir. 2001). In order to disturb a court's factual findings, this court must be "left with definite and firm conviction that mistake has been committed." United States v. May, 359 F.3d 683, 688 (4th Cir. 2004). A court may properly make factual findings concerning sentencing factors by a preponderance

[*]Kale also argues that the district court erred finding that in order for the ten year statutory mandatory minimum sentence to apply under § 924(c)(1)(A)(iii), the firearm's discharge did not have to be intentional on Kale's part. Because we find there was sufficient evidence of intent, we decline to reach this issue.

- 2 -

of the evidence.  <u>United States v. Morris</u>, 429 F.3d 65, 72 (4th Cir. 2005), <u>cert. denied</u>, 127 S. Ct. 121 (2006).  We find the district court did not clearly err in its factual findings.

Accordingly, we affirm the convictions and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>