PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellant,*

v.                                                        No. 01-4249

JOHN FITZGERALD HUDSON,
                    *Defendant-Appellee.*

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge.
(CR-99-134-MU)

Argued: September 26, 2001

Decided: November 28, 2001

Before WILKINSON, Chief Judge, and NIEMEYER and
KING, Circuit Judges.

_____

Reversed and remanded for resentencing by published opinion. Judge
Niemeyer wrote the opinion, in which Chief Judge Wilkinson and
Judge King joined.

_____

## COUNSEL

**COUNSEL:** Karen Marston Wilson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellant. Thomas Joseph Blackwood, III, Charlotte, North Carolina, for Appellee. **ON BRIEF:** Robert J. Conrad, Jr., United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellant.

**OPINION**

NIEMEYER, Circuit Judge:

After pleading guilty to drug trafficking, John Hudson was released on bond pending sentencing. Because of fear over the length of his forthcoming sentence, Hudson fled and failed to appear at his sentencing hearing. After his rearrest, the district court accepted Hudson's explanation for his flight, that he was "scared," and therefore refused to enhance his sentence under U.S.S.G. § 3C1.1 for obstruction of justice. The court also granted Hudson a reduction of his sentence for acceptance of responsibility. Because we conclude that the district court failed properly to apply §§ 3C1.1 and 3E1.1 of the Sentencing Guidelines, we reverse and remand for resentencing.

I

After Hudson pleaded guilty to possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1), he was released on bond, pending sentencing, to the custody of his father at his father's residence in Charlotte, North Carolina. Hudson's release, which occurred on March 29, 2000, was subject to supervision by the pretrial services agency of the court and was conditioned on Hudson's signed agreement to "appear as directed, and to surrender for service of any sentence imposed."

About three weeks after his release, Hudson moved from his father's residence to a new undisclosed location. Shortly thereafter, Hudson's father reported to pretrial services that Hudson had left and did not, after he left, "call us or anything of that nature. He has not met his obligations as he signed to do so, so I would like to be no longer responsible for him." Hudson then failed to report for scheduled appointments at the office of pretrial services on June 5 and July 3, 2000, and he failed to appear for his sentencing on July 26, 2000. The district court issued a warrant for Hudson's arrest on August 14, 2000, and Hudson remained a fugitive for over six months until his arrest in February 2001 at a Super 8 Hotel in the Charlotte area.

At the time of his arrest, Hudson was registered under the alias of Gary Louis Neal and had in his possession a birth certificate, social

security card, and North Carolina identification card, all in the name of Gary Neal. During the arrest, Hudson volunteered that he had no intention of turning himself in and felt that since he was facing 25 years to life imprisonment, he would do whatever was needed to remain at large until he was located and arrested.

At the sentencing hearing, the government, in response to Hudson's flight, moved for a two-level enhancement under U.S.S.G. § 3C1.1 for obstruction of justice, and abandoned any intent to support a reduction in Hudson's sentence under U.S.S.G. § 3E1.1 based on his acceptance of responsibility. Hudson testified at the hearing that when he had heard from his lawyer that the government "wasn't going to help me [because of his cooperation]," he "panicked a little bit and . . . fled." The district court accepted Hudson's explanation and sentenced Hudson as it would have had Hudson not fled. The court stated:

> I am going to accept your explanation that you were just scared . . . .

> I accept your explanation for what happened and find that you have accepted responsibility. If the Government wants to charge him and try him under [18 U.S.C. § 3146 for failure to appear], you all go right ahead.

> I have grave difficulty in ordering this man incarcerated for the amount of time that results. If you want him incarcerated for the crime he committed, charge him and try him.

> \* \* \*

> So I accept your explanation of what happened and find that there is no obstruction of justice. I find that there is an acceptance of responsibility.

After denying the two-level enhancement for obstruction of justice and granting a three-level reduction for acceptance of responsibility, the district court sentenced Hudson at the lowest end of the sentencing range to 135 months imprisonment.

From the district court's judgment, the government filed this appeal.

## II

The government contends that the district court erred as a matter of law in accepting Hudson's fear justification for his flight and in failing to apply U.S.S.G. § 3C1.1. It argues that the district court should have applied the two-level enhancement regardless of Hudson's motivation for flight. The government also contends that the district court erred in granting Hudson a reduction for acceptance of responsibility in these circumstances because Hudson's conduct warranted an obstruction of justice enhancement and no extraordinary circumstances were present.

Hudson, on the other hand, contends that the district court heard from all the parties on the issues and properly "exercised its discretion in deciding what the appropriate sentence would be for his offense." In support of his argument, he directs the court to *United States v. Koon*, 518 U.S. 81 (1996), where the court stated that "it is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence." *Id.* at 97 (citations and internal quotation marks omitted).

We review the district court's factual findings for clear error, but if the issue on review "turns primarily on the legal interpretation of a guideline term, . . . the standard moves closer to *de novo* review." *United States v. Daughtrey*, 874 F.2d 213, 217 (4th Cir. 1989); *see also United States v. Gormley*, 201 F.3d 290, 293-94 (4th Cir. 2000) (applying the standard of review set forth in *Daughtrey*).

Section 3C1.1 of the Sentencing Guidelines directs a sentencing court to increase a defendant's offense level by two levels if the defendant "willfully obstructed or impeded . . . the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, and the obstructive conduct related to the defendant's offense of conviction and any relevant conduct." U.S.S.G. § 3C1.1 (subdividing letters and numbers omitted). The Application Notes explain that "willfully failing to appear, as ordered, for a judicial proceeding" amounts to the type of conduct to

which the enhancement applies. U.S.S.G. § 3C1.1, cmt. n.4(e). As we have held, the Application Notes in the Sentencing Guidelines are binding and therefore limit sentencing discretion unless the Notes are contrary to federal law. *United States v. Banks*, 130 F.3d 621, 624-25 (4th Cir. 1997).

The evidence of Hudson's obstructive conduct in this case is not disputed. Hudson failed to appear at scheduled meetings in the pre-trial services office and at sentencing, and he actively eluded apprehension by the police for more than six months. When he was finally arrested, he was using an alias and had obtained several types of false identification to aid his use of this alias. He also stated his intent to remain at large until police located and arrested him. The evidence thus unequivocally demonstrated that Hudson willfully impeded the administration of justice by "willfully failing to appear . . . for a judicial proceeding." U.S.S.G. § 3C1.1 & cmt. n.4(e). Accordingly, the sentencing court erred in failing to enhance Hudson's offense level, as required by Hudson's obstructive conduct.

This obstruction of justice likewise precluded the sentencing court from granting a reduction in Hudson's offense level for acceptance of responsibility unless Hudson could demonstrate that his circumstances presented an "extraordinary case." Although U.S.S.G. § 3E1.1(a) provides for a two or three-level decrease in the defendant's offense level "if the defendant clearly demonstrates acceptance of responsibility for his offense," the Application Notes instruct that conduct amounting to an obstruction of justice under § 3C1.1 ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. "There may, however, be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply." U.S.S.G. § 3E1.1, cmt. n.4.

In this case, the district court determined that Hudson was entitled to a reduction for acceptance of responsibility because his flight was prompted by fear that the government was not going to recommend a reduction in his sentence for his assistance to the authorities. The court stated, "I'm going to accept your explanation that you were just scared . . . and find that you have accepted responsibility."

While we accept the district court's factual finding that Hudson was "scared," we conclude, as a matter of law, that fear that the gov-

ernment will not recommend a downward departure for assistance is not the "extraordinary case" that permits the grant of acceptance of responsibility when the defendant's conduct supports an obstruction of justice. *See United States v. Miller*, 77 F.3d 71, 74-75 (4th Cir. 1996) (accepting as true the defendant's explanation that he fled out of fear for his life, but concluding that the defendant's case was not "one of those cases warranting both adjustments for obstruction of justice and acceptance of responsibility").

## III

For the foregoing reasons, we reverse the district court's failure to apply the obstruction of justice enhancement and its grant of a reduction for acceptance of responsibility and remand for resentencing. Because the sentencing judge in this case stated, when sentencing Hudson, that he had "grave difficulty in ordering [Hudson] incarcerated for the amount of time that results" from application of the Sentencing Guidelines, we direct that on remand, this case be assigned to a different judge for resentencing.

*REVERSED AND REMANDED FOR RESENTENCING*