UNPUBLISHED

# UNITED STATES COURT OF APPEALS
### FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

CARLOS LEOS VASQUEZ, a/k/a Carlos
Leos Pasquez,

*Defendant-Appellant.*

No. 01-4995

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-01-151)

Submitted: June 10, 2002

Decided: July 25, 2002

Before WILKINS, NIEMEYER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Louis C. Allen, III, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Sandra J. Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Carlos Leos Vasquez appeals the sentence of eighty-five months imprisonment he received after his guilty plea to distribution of more than a kilogram of cocaine, 21 U.S.C.A. § 841 (West 1999 & Supp. 2002) (Count 4), and illegal reentry by a deported alien, 8 U.S.C.A. § 1326(a), (b)(2) (West 1999) (Count 5). Vasquez contends on appeal that the district court erred in placing each count in a separate group for sentencing purposes pursuant to *U.S. Sentencing Guidelines Manual* § 3D1.2 (2001). We affirm.

Counts involving substantially the same harm are grouped together to determine a combined offense level. USSG § 3D1.2. Counts involving the same victim are grouped together, and for offenses in which there is no identifiable victim, the "victim" for purposes of § 3D1.2 is the societal interest that is harmed. USSG § 3D1.2, comment. (n.2). As an example of offenses involving different societal interests, Application Note 2 states that, "where one count involves the sale of controlled substances and the other involves an immigration law violation, the counts are not grouped together because different societal interests are harmed." Vasquez' drug and immigration counts were not grouped together. Had the counts been so grouped, his guideline range would have been somewhat lower.

We review de novo the district court's application of the sentencing guidelines' grouping principles. *United States v. Toler*, 901 F.2d 399, 402 (4th Cir. 1990). The guideline commentary is authoritative and must be followed unless it violates the Constitution, a federal statute, is inconsistent with a guideline, or is a plainly erroneous reading of the guideline. *Stinson v. United States*, 508 U.S. 36, 42-47 (1993); *United States v. Hudson*, 272 F.3d 260, 263 (4th Cir. 2001); USSG § 1B1.7 (failure to follow commentary that explains how guideline is to be applied could constitute incorrect application of the guideline).

Vasquez argues that the societal interests sought to be protected by the penalties for his offenses are sufficiently similar that his case should be treated as an exception to the rule provided in Application Note 2. He reasons that, because his immigration offense was an aggravated one with an enhanced offense level that was almost as high as the offense level for the drug offense, the offenses involved substantially the same harm and should be grouped together, thereby lowering his guideline range. We find Vasquez' reasoning unpersuasive. It is not clear what societal interest would be served by giving him a lower sentence because he committed an aggravated immigration offense instead of an ordinary immigration offense, particularly when the guideline commentary specifically directs otherwise. The district court accordingly acted correctly declining to group the offenses together.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*