UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                          No. 02-4873

OLIVERIA ESPINOZA SANCHEZ,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-02-146)

Submitted: May 20, 2003

Decided: June 12, 2003

Before WIDENER, TRAXLER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Paul M. James, III, STOWERS & JAMES, P.A., Winston-Salem, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Michael A. DeFranco, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Oliveria Espinoza Sanchez pled guilty to possession of a firearm by an illegal alien in violation of 18 U.S.C. § 922(g)(5) (2000), and received a sentence of forty-eight months imprisonment. Sanchez appeals her sentence, alleging that the district court erred in considering evidence relating to dismissed counts that was proved by a preponderance of the evidence, and clearly erred in finding that she possessed the firearm in connection with drug trafficking. We affirm.

On April 5, 2002, Miguel Cortez Jaimes, Sanchez's husband, agreed to deliver a kilogram of cocaine to a federal undercover agent posing as a customer of Sanchez's brother, Manuel Espinoza Sanchez. The agent also promised to bring with him $40,000 owed to Manuel. The same day, Sanchez, her husband, and their small child drove from their home in Dobson, North Carolina, to Winston-Salem to meet the agent in the parking lot of a mall. Miguel spoke with the agent several times on his cell phone before he parked their van at the mall. Miguel was arrested shortly afterward, a little distance from the van, with his young son. As Miguel was detained, an agent approached the van with his gun drawn. He opened the passenger side door and in Spanish told Sanchez, who was in the front passenger seat, to put her hands up. Sanchez put her right hand up, but dropped her left hand, drawing the agent's attention to a brick-shaped object wrapped in opaque plastic that was partially concealed beneath her left thigh. The agent then pulled Sanchez out of the van. As he did so, the brick fell to the floor of the car. It proved to be 977 grams of cocaine. Sanchez's purse was found on the floor of the van between the driver's and passenger's seats; it contained a loaded Ruger .40 caliber pistol.

Sanchez was charged with conspiracy to distribute cocaine, possession of 977 grams of cocaine with intent to distribute, carrying a firearm during and in relation to a drug trafficking crime, and possession of a firearm by an illegal alien. She pled guilty to the last count only, but was held accountable for sentencing purposes for the drug offense through the operation of the cross reference in *U.S. Sentencing Guidelines Manual* § 2K2.1(c)(1)(A) (2001). The cross reference provides

that, if the defendant used or possessed a firearm in connection with the commission or attempted commission of another offense, USSG § 2X1.1 should be applied with respect to the other offense if the resulting offense level is greater than that achieved under § 2K2.1. Section 2X1.1 provides for use of the base offense level for the substantive offense (in this case, USSG § 2D1.1), and any applicable adjustments. The district court overruled Sanchez's objection to application of the cross-reference, but reduced her offense level after finding that she had a minor role in the conspiracy.

On appeal, Sanchez contends first that the district court erred in determining her sentence based on evidence relating to the dismissed counts. She argues that an enhancement based on conduct from dismissed charges, which is proved only by a preponderance of the evidence at sentencing, results in a violation of due process according to the principles set out in *Ring v. Arizona*, 536 U.S. 584 (2002), *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Jones v. United States*, 526 U.S. 227 (1999), even though the enhancement did not increase the statutory maximum penalty for her offense of conviction. Sanchez concedes that her position is not supported by the law of this Circuit. *See, e.g.*, *United States v. Kinter*, 235 F.3d 192, 201 (4th Cir. 2000). We conclude that the issue she has raised is meritless.

Second, Sanchez contests the district court's factual finding that she possessed the pistol seized from her purse in connection with drug trafficking. She maintains that the only evidence that arguably connected her to the cocaine was the fact that it was under or against her leg when the agent accosted her and that she moved her left hand in its direction when ordered to put her hands up. She argues that this evidence is insufficient because the cocaine was wrapped in opaque plastic and not clearly discernable through the packaging. We review the district court's factual determination for clear error. *United States v. Hudson*, 272 F.3d 260, 263 (4th Cir. 2001).

We conclude that the district court did not clearly err in finding that Sanchez was aware of the cocaine transaction in progress, given that her husband was conducting it on behalf of her brother, that she accompanied her husband, that her husband spoke with the undercover agent several times on his cell phone in her presence, and that he finally left her in the van with the cocaine and a loaded gun. These

circumstances permitted the court to infer that Sanchez was protecting the cocaine until the transaction was completed. Her husband's assertions to the contrary at the sentencing hearing were rejected as not credible by the district court. Findings based on the credibility of witnesses are given great deference. *United States v. Hassanzadeh*, 271 F.3d 574, 580 (4th Cir. 2001).

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*