**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 04-4067**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TONYA RYANS,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Patrick Michael Duffy, District Judge.  (CR-02-1253)

_____

Submitted:  June 15, 2005              Decided:  July 13, 2005

_____

Before MOTZ and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Andrew D. Grimes, ANDREW D. GRIMES, P.A., North Charleston, South Carolina, for Appellant.  J. Strom Thurmond, Jr., United States Attorney, Rhett Dehart, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Tonya Ryans appeals her sixteen month sentence, imposed after she pleaded guilty to one count of student loan fraud in violation of 20 U.S.C. § 1097(a) (2000).

Ryans argues the district court violated her Sixth Amendment right to a jury trial when it applied a two level enhancement to her base offense level for obstruction of justice pursuant to U.S. Sentencing Guidelines Manual § 3C1.1 (2003). See United States v. Booker, 125 S. Ct. 738 (2005).

In Booker, the Supreme Court concluded that sentence enhancements based on facts found by the court alone and not by the jury violated the Sixth Amendment's imperative that "any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Id. at 756 (citing Apprendi v. New Jersey, 530 U.S. 466, 490 (2000)). The Court severed and excised two provisions of the Sentencing Reform Act: 18 U.S.C. § 3553(b)(1) (2000), requiring sentencing courts to impose a sentence within the guideline range, and 18 U.S.C. § 3742(e) (2000), setting forth standards of review on appeal. The Court held the remainder of the guidelines remain as advisory, requiring a sentencing court to consider applicable guidelines

ranges, but allowing the court to "tailor the sentence in light of other statutory concerns . . . ." Id. at 757.

Section 3C1.1 directs a sentencing court to increase a defendant's offense level by two levels if the defendant "willfully obstructed or impeded . . . the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, and the obstructive conduct related to the defendant's offense of conviction and any relevant conduct." United States v. Hudson, 272 F.3d 260, 263 (4th Cir. 2001) (citing USSG § 3C1.1 (subdividing letters and numbers omitted)). The Application Notes for § 3C1.1 explain that "willfully failing to appear, as ordered, for a judicial proceeding" amounts to the type of conduct for which the enhancement applies. See USSG § 3C1.1, cmt. n. 4(e)). We conclude that because Ryans admitted at sentencing that she intentionally ignored the district court's correspondence notifying her about her sentencing hearing, her Sixth Amendment right to a jury trial was not violated.

We also conclude that Ryans has failed to establish that her sentence under a mandatory sentencing scheme constituted plain error affecting her substantial rights. See United States v. White, 405 F.3d 208, 223 (4th Cir. 2005) (holding that defendants must demonstrate actual prejudice).

Accordingly, we affirm Ryans's conviction and sentence. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED