**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-4863**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOHNNY LEE SIMMONS,

Defendant - Appellant.

**No. 05-4019**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOHNNY LEE SIMMONS, a/k/a JJ,

Defendant - Appellant.

Appeals from the United States District Court for the District of South Carolina, at Charleston. Patrick Michael Duffy, District Judge. (CR-03-626; CR-02-289)

Submitted: June 5, 2006              Decided: June 29, 2006

Before MICHAEL, TRAXLER, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

David B. Betts, Columbia, South Carolina, for Appellant. Jonathan S. Gasser, United States Attorney, Mary Gordon Baker, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Johnny Lee Simmons appeals his sentence imposed after resentencing after pleading guilty to violations of 18 U.S.C. §§ 922, 924(a)(2)(1) (2000), unlawful transport of firearms, and 18 U.S.C. § 371 (2000), conspiracy to defraud the United States. At resentencing the district court continued to apply a two-level enhancement for obstruction of justice under U.S. Sentencing Guidelines Manual § 3C1.1 (2003). Simmons received a fifty-seven month term of imprisonment. On appeal, Simmons argues that the district court erred in applying the enhancement for obstruction of justice. Finding no error, we affirm.

On appeal, Simmons primarily focuses on whether the obstruction of justice enhancement was applicable when he was arrested despite the fact that he gave officers a false identification. He also argues that the district court did not make a factual finding that providing a false identification significantly hindered the investigation or prosecution of his case. The Government replies that at the resentencing it incorporated and adopted the factual findings from the first sentencing hearing at which the court made the necessary findings to apply the enhancement.

Simmons was indicted on the fraud charge in March 2002. An agent working on the matter, Darrell Watkins, testified that the agents working the case began looking for Simmons soon after the

indictment issued. In summer or early fall 2002, a cooperating witness informed Watkins that he spotted Simmons driving an automobile in North Charleston, South Carolina. The North Charleston police were dispatched to Simmons' location and interrogated Simmons. He produced an identification for Anthony Brown. Because Simmons produced another identification, the police let him leave the scene after they took a photograph of him. Police posted the photograph on Crimestoppers, in newspapers, and on television. Watkins continued to interview witnesses and otherwise continued the investigation.

Another cooperating witness informed Watkins that Simmons was living in Sumter, South Carolina, with Kashawn Drayton. Investigators called the Sumter police department. Sumter notified Watkins that they had a search warrant for Drayton's residence. In December 2002, Watkins accompanied the local officers to serve the federal warrants on Simmons and Drayton. At the residence, Simmons again identified himself as Anthony Brown and produced an identification card for Brown. Drayton was arrested at the same time on a federal complaint for conspiracy in the fraud for which Simmons was indicted. She later broke down and told officers that they had the right individual, and that Simmons falsely identified himself as Brown. On the day of his arrest, Simmons later properly identified himself.

At the first sentencing hearing, the court imposed the obstruction enhancement stating that "the defendant [] has the problem with the Anthony Brown identification twice, and after being questioned by the North Charleston Police and after being served with a warrant, he still persisted in being Anthony Brown in an effort to not be arrested and processed." At the second sentencing hearing, the court heard the Government's position as to the two instances, found that the two instances were connected, and held that giving a false statement to a law enforcement officer, when the purpose of the interaction is to arrest the individual, is obstruction.

Section 3C1.1 directs a sentencing court to increase a defendant's offense level by two levels if the defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, and the obstructive conduct related to the defendant's offense of conviction and any relevant conduct." United States v. Hudson, 272 F.3d 260, 263 (4th Cir. 2001) (citing USSG § 3C1.1 (subdividing letters and numbers omitted)). The Application Notes for § 3C1.1 explain that "providing a materially false statement to a law enforcement officer that significantly obstructed or impeded the official investigation or prosecution of the instant offense" amounts to the type of conduct for which the enhancement applies.

See USSG § 3C1.1, cmt. n.4(g). Further, this court held in <u>Hudson</u>, 272 F.3d at 263, that the district court erred by failing to apply USSG § 3C1.1 when the defendant, who was released on bond pending sentencing, failed to appear for scheduled meetings with his probation officer and actively eluded police for more than six months while using aliases and false identification. While Simmons did not fail to appear for probation meetings as Hudson did, his use of the Brown identification when he was stopped in summer or early fall of 2002 resulted in a delay of at least a few months prior to his arrest.

However, the USSG § 3C1.1 Application Notes also state that "providing a false name or identification document at arrest, except where such conduct actually resulted in a significant hindrance to the investigation or prosecution of the instant offense" and "making false statements, not under oath, to law enforcement officers" are examples of conduct which does not merit the enhancement for obstruction. USSG § 3C1.1 cmt. n.5(a), (b). Because Simmons' conduct did not involve a single instance of providing false identification at the time of arrest only,[*] and his

---

[*]The fact that the police arrested Simmons at the time that the search warrant was executed at Drayton's residence, when he presented the Brown identification a second time is irrelevant, because the enhancement applies to attempted, as well as actual, obstruction. <u>See</u> <u>United States v. Hicks</u>, 948 F.2d 877, 884-85 (4th Cir. 1991); <u>see also</u> <u>United States v. Lagasse</u>, 87 F.3d 18, 24 (1st Cir. 1996) (enhancement applied where witness intimidated prior to sentencing even though he had nothing to contribute to the sentencing process); <u>United States v. Cotts</u>, 14 F.3d 300, 307-08

conduct resulted in a significant delay in his arrest, it was not error for the district court to conclude that Simmons' conduct constituted obstruction of justice under the Guidelines.

We therefore affirm the sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

(7th Cir. 1994) (finding enhancement proper where defendant plotted to kill a fictional informant).