**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4603**

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

   v.

JOSEPH ANTHONY CLARK, a/k/a Pepe, a/k/a Joseph Louis Clark,
a/k/a Joseph Clark,

       Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham. William L. Osteen, Senior
District Judge. (1:06-cr-00231-WLO)

Submitted: February 22, 2008      Decided: March 3, 2008

Before WILKINSON and MICHAEL, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

A. Wayne Harrison, Sr., LAW OFFICES OF A. WAYNE HARRISON,
Greensboro, North Carolina, for Appellant. Anna Mills Wagoner,
United States Attorney, Sandra J. Hairston, Assistant United States
Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph Anthony Clark pled guilty to conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (2000). The district court sentenced him as a career offender to 360 months of imprisonment, the bottom of the advisory sentencing guideline range. Clark appeals his sentence, challenging his career offender designation, the imposition of an obstruction of justice enhancement, the absence of an acceptance of responsibility adjustment, and the reasonableness of his sentence. We affirm.

Appellate courts review sentences imposed by district courts for reasonableness, applying an abuse of discretion standard. Gall v. United States, 128 S. Ct. 586, 597-98 (2007); United States v. Pauley, 511 F.3d 468, 473-74 (4th Cir. 2007). When sentencing a defendant, a district court must: (1) properly calculate the guideline range; (2) determine whether a sentence within that range serves the factors set out in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007); (3) implement mandatory statutory limitations; and (4) explain its reasons for selecting a sentence. Pauley, 511 F.3d at 473; United States v. Green, 436 F.3d 449, 455-56 (4th Cir. 2006). "A sentence within the proper Sentencing Guidelines range is presumptively reasonable." United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007); see Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding

presumption of reasonableness for within-guidelines sentence). This presumption can only be rebutted by showing that the sentence is unreasonable when measured against the § 3553(a) factors. United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006), cert. denied, 127 S. Ct. 3044 (2007).

Clark first asserts that the district court erred in classifying him as a career offender because his second degree robbery conviction was one day more than fifteen years before commencement of the instant offense and, therefore, was too old to count as a predicate offense for career offender purposes. We disagree. Under U.S. Sentencing Guidelines Manual ("USSG") § 4A1.2 (2006), any sentence of imprisonment exceeding one year and one month that resulted in the defendant being incarcerated for a period of time within fifteen years of the commencement of the instant offense may be properly considered in designating a defendant as a career offender. USSG § 4A1.2(e)(1); USSG § 4B1.2 cmt. n.3 (stating that § 4A1.2 applies to counting of convictions under § 4B1.1). In calculating the fifteen-year time period, the guidelines direct the use of the date of a defendant's last release following parole revocation. USSG § 4A1.2(k)(2)(B)(I); see United States v. Kirby, 921 F.2d 254, 256 (10th Cir. 1990) (stating that fifteen-year period commenced on date defendant was released on parole). Applying these standards to the facts of this case, we

conclude that the district court properly relied on Clark's second degree robbery conviction to classify Clark as a career offender.[*]

Next, Clark asserts that he should have received a downward adjustment for acceptance of responsibility. However, a defendant generally is not eligible for the acceptance of responsibility adjustment under USSG § 3E1.1 when he receives an upward adjustment for obstruction of justice under USSG § 3C1.1. United States v. Hudson, 272 F.3d 260, 263 (4th Cir. 2001). The defendant has the burden of showing that his circumstances are extraordinary. Id. We find that Clark failed to demonstrate extraordinary facts warranting application of an acceptance of responsibility adjustment.

Finally, Clark argues that his 360-month sentence is unreasonable. Our review of the record leads us to conclude that the district court did not abuse its discretion in sentencing Clark. See Gall, 128 S. Ct. at 597-98. The court properly calculated the guideline range, appropriately treated the guidelines as advisory, and considered the § 3553(a) factors. See Pauley, 511 F.3d at 473. Moreover, Clark's 360-month sentence is the bottom of the advisory guideline range and is below the statutory maximum sentence of life imprisonment. See 21 U.S.C.A. § 841(b)(1)(A) (West 1999 & Supp. 2007). Neither Clark nor the

_____

[*]Because the district court properly classified Clark as a career offender, his challenge to the court's application of the obstruction of justice enhancement is moot.

- 4 -

record suggests any information so compelling as to rebut the presumption that a sentence within the properly calculated guideline range is reasonable.  <u>See</u> <u>Allen</u>, 491 F.3d at 193.  Thus, the sentence is reasonable.

Accordingly, we affirm Clark's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>