**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-5002**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAMEN LAMAR WILLIAMS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (4:07-cr-00016-F)

Submitted:  September 17, 2008        Decided:  November 3, 2008

Before TRAXLER, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Vidalia Patterson, Research and Writing Specialist, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Banumathi Rangarajan, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Damen Lamar Williams was convicted pursuant to a guilty plea of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2000), and was sentenced to 92 months in prison. Williams timely appeals. Finding no error, we affirm.

Williams asserts that the district court improperly imposed the two-point enhancement for possessing between three and seven firearms, pursuant to U.S. Sentencing Guidelines Manual (USSG) § 2K2.1(b)(1)(A) (2006). Section 2K2.1(b)(1)(A) (2006) provides a two-level enhancement if a defendant possesses three to seven firearms, and the commentary explains that the points should be applied only if the firearms were unlawfully sought, possessed, or distributed. Williams admits that he possessed a shotgun, but argues that he never handled or possessed the two handguns that police found in the grass near him. Williams claims he asked his brother to bring the three firearms to a photo shoot, but he never touched two handguns, and they were used merely as props by a friend. Accordingly, Williams argues that the evidence was insufficient to support the finding that he possessed these additional weapons.

Following United States v. Booker, 543 U.S. 220 (2005), a sentencing court continues to make factual findings concerning sentencing factors by a preponderance of the evidence. United

2

States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005), cert. denied, 127 S. Ct. 121 (2006).  Long-standing authority has permitted a sentencing court to consider any evidence at sentencing that "has sufficient indicia of reliability," see USSG § 6A1.3(a), including even "conduct underlying [an] acquitted charge, so long as that conduct has been proved by a preponderance of the evidence." United States v. Watts, 519 U.S. 148, 156-57 (1997) (per curiam); United States v. Montgomery, 262 F.3d 233, 249 (4th Cir. 2001). The district court's factual findings are reviewed for clear error. United States v. Hudson, 272 F.3d 260, 263 (4th Cir. 2001).  This deferential standard of review requires reversal only if this court is "left with the definite and firm conviction that a mistake has been committed."  United States v. Stevenson, 396 F.3d 538, 542 (4th Cir. 2005) (quoting Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985)).

As the district court correctly determined, Williams constructively possessed the two handguns even if he never physically handled them.  Possession of a firearm may be actual or constructive.  United States v. Moye, 454 F.3d 390, 394 (4th Cir. 2006).  For constructive possession, Williams merely needed to voluntarily exercise "dominion and control over the firearm, or ha[ve] the power and the intention to exercise dominion and control over the firearm."  United States v. Scott, 424 F.3d 431, 435-36 (4th Cir.), cert. denied, 126 S. Ct. 779 (2005).  Williams admits

3

that he requested that his brother bring the three firearms to the photo shoot; thus, the firearms were present solely due to Williams's initiative. Williams also had access to all three loaded weapons, as they were found in close vicinity to him. These facts support the district court's conclusion that Williams had the power to exercise dominion and control over all three firearms. Accordingly, we conclude that the district court properly applied the two-point enhancement.

Williams next contends that the district court erred when it failed to impose a variance sentence because Williams's use of the firearms was not for an illicit purpose, but was merely an "innocent" use of the firearms as props for a photo shoot. Because Williams had no intention of using the firearms as anything other than props, he argues that this innocent intention serves as mitigating evidence warranting a sentence below the guidelines range.

Despite Williams's argument that the use of the firearms was innocuous, and they were merely present as props, the firearms were found with ammunition. Moreover, the photo shoot was taking place in an outdoor area of a housing project--a heavily populated area where passers-by would see the weapons, where a loaded firearm would be unsafe, and where the mere presence of firearms could cause a disturbance. Even if the weapons were being used merely as

4

props, this does not negate the fact that Williams's prior felony conviction rendered possession of firearms unlawful.

Moreover, the district court imposed a sentence within the statutorily prescribed range and the sentence was reasonable. While Williams argued at sentencing that a lower sentence should have been imposed due to an overstated criminal history and a lack of criminal intent with regard to possession of the firearms, the district court did not err when it declined to impose a variance sentence. After United States v. Booker, 543 U.S. 220 (2005), a district court is no longer bound by the range prescribed by the sentencing guidelines. However, in imposing a sentence post-Booker, courts still must calculate the applicable guidelines range after making the appropriate findings of fact and consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2008). Gall v. United States, 128 S. Ct. 586, 596 (2007). The court must give both parties "an opportunity to argue for whatever sentence they deem appropriate," and the district judge "may not presume that the Guidelines range is reasonable." Gall, 128 S. Ct. at 596-97. Instead, the court must make an "individualized assessment based on the facts presented." Id. at 597. This court will affirm a post-Booker sentence if it "is within the statutorily prescribed range and is reasonable." United States v. Moreland, 437 F.3d 424, 433 (4th Cir. 2006) (internal quotation marks and citation

omitted).  "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006); see Rita v. United States, 127 S. Ct. 2456, 2462, 2465 (2007) (permitting appellate courts to afford a presumption of reasonableness to a within-Guidelines sentence).

Here, the district court appropriately treated the guidelines as advisory.  The court sentenced Williams after considering the sentencing guidelines and the § 3553(a) factors, as instructed by Booker.  Williams's ninety-two month sentence is the bottom of the advisory guidelines range of 92 to 115 months in prison and well below the ten-year statutory maximum sentence pursuant to 18 U.S.C. § 924(a)(1) (2000).  The court explained that it had taken the sentencing guidelines and § 3553(a) factors into account.  The court highlighted that Williams's criminal record consisted of six drug-related offenses, including two felony narcotic distribution convictions, and that Williams had been placed on probation a total of seven times, and his probation was revoked twice due to violations or new criminal conduct. Williams's sentence was thus clearly based upon his extensive prior record and his continued involvement in criminal activity.  We accordingly conclude the district court did not err in declining to impose a variance sentence, and that nothing in the record suggests any information to rebut the presumption that Williams's sentence was reasonable.

Accordingly, we affirm Williams's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED