**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4174**

UNITED STATES OF AMERICA,

Plaintiff –Appellee,

v.

DANILO QUESADA-GUERRERO,

Defendant – Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., District Judge.  (1:07-cr-00043-NCT-1)

Submitted:  February 6, 2009       Decided:  February 18, 2009

Before MICHAEL and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Charles L. White, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Randall S. Galyon, Assistant United States Attorney, Greensboro, North Carolina, for Appellant.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Danilo Quesada-Guerrero pled guilty to conspiracy to distribute cocaine hydrochloride, 21 U.S.C. § 846 (2006) (Count 1), and possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C.A. § 924(c) (West 2000 & Supp. 2008) (Count 3). He received a sentence of life imprisonment for the conspiracy conviction and a consecutive five-year sentence for the § 924(c) conviction. Quesada-Guerrero appeals the sentence, arguing that the district court erred in failing to make adequate findings to support its enhancement for obstruction of justice, U.S. Sentencing Guidelines Manual § 3C1.1 (2007), based on perjury, and erred in denying him an adjustment for acceptance of responsibility, USSG § 3E1.1. We affirm.

In the spring of 2006, Quesada-Guerrero and several co-conspirators were under surveillance for suspected drug trafficking, during which time they were observed removing bags from a tractor trailer with a California license plate that was parked at a trailer park in Greensboro, North Carolina, and later refueling the tractor trailer at the park. When the tractor trailer left Greensboro, it was stopped on the interstate highway and searched, but no contraband was found. After he was released, the driver of the tractor trailer called Quesada-Guerrero three times in quick succession.

Later that morning, Quesada-Guerrero and others under surveillance were observed driving from various addresses they frequented to Quesada-Guerrero's residence, taking evasive measures as they did so. Quesada-Guerrero then drove away with two men in his Nissan Titan pickup truck. When a Greensboro police unit attempted to stop the truck, Quesada-Guerrero refused to stop and fled at high speed, eventually crashing the truck into a tree.[1] A police officer, Corporal Gill, chased Quesada-Guerrero on foot through a residential area. Carrying a handgun, Quesada-Guerrero approached Jeanne Thilo, who was in her driveway packing her van for a trip, and tried to carjack the vehicle. Thilo pushed him away and Quesada-Guerrero again fled, with Corporal Gill ordering him to stop. Quesada-Guerrero turned toward Gill and pointed his gun at Gill, who took cover. When other police officers arrived, Quesada-Guerrero was located hiding under a boat behind a neighboring house. A loaded .38 caliber revolver was on the ground near him and he had a loaded .25 caliber pistol in his pocket. One of the passengers in the truck, Amado Sosa-Dominguez, was also apprehended. The other, Arley Lovaina, escaped.

---

[1] Beside the crashed truck, police found two semi-automatic assault rifles. Inside the truck, they found packages containing a total of 7.762 kilograms of powder cocaine, bags containing an additional 214.03 grams of powder cocaine, 1.8 grams of cocaine base, $13,020 in cash, and a digital scale.

According to information contained in the presentence report, Quesada-Guerrero waived his <u>Miranda</u>[2] rights and acknowledged that the driver of the tractor trailer called him when the trailer was stopped and searched. He said the trailer was carrying money in payment for thirty kilograms of cocaine, which had not been discovered, and that the trailer initially brought 100 kilograms of cocaine to Greensboro which had been stored at the trailer park, but was no longer there.

However, in written objections to the presentence report, Quesada-Guerrero challenged the recommended adjustments. He denied making the statement about money hidden in the tractor trailer, attempting the carjacking, and pointing a gun at Corporal Gill. At sentencing, Thilo, Gill, and Detective Williams, who took Quesada-Guerrero's post-arrest statement, all testified about his conduct. In his own testimony Quesada-Guerrero repeated his denials. Finding that Quesada-Guerrero's testimony raised the possibility that he had given knowingly false testimony concerning material matters, and thereby obstructed justice, calling into question his acceptance of responsibility, the district court continued the sentencing for several days to allow the parties time to prepare to address these issues. When sentencing recommenced, the court determined

_____

[2] <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).

that Quesada-Guerrero had given perjured testimony. The court added an adjustment for obstruction of justice, and denied him an adjustment for acceptance of responsibility. The court's decision increased the advisory guideline range to life imprisonment. The court decided that none of the 18 U.S.C. § 3553(a) (2006) factors would support a sentence below the guideline range. The court imposed a life sentence for Count 1, followed by a consecutive five-year sentence for Count 3.

On appeal, Quesada-Guerrero first argues that the adjustment for obstruction of justice was made without adequate findings. The district court's factual findings supporting the § 3C1.1 obstruction of justice enhancement are reviewed for clear error. United States v. Kiulin, 360 F.3d 456, 460 (4th Cir. 2004). The adjustment applies when the district court determines that a defendant committed perjury. USSG § 3C1.1 comment. (n.4(b)); see also United States v. Dunnigan, 507 U.S. 87, 94 (1993). The court must find that the defendant gave false testimony under oath "concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." Id.; United States v. Smith, 62 F.3d 641, 646-47 (4th Cir. 1995). When the sentencing court finds that a defendant has committed perjury, it is preferable for the court to address all the elements of perjury separately and clearly, but a finding that "encompasses

5

all of the factual predicates for a finding of perjury" is sufficient. Dunnigan, 507 U.S. at 95.

Quesada-Guerrero contends that the district court's findings were inadequate because it found only that he testified falsely, but did not find that his false testimony was material or intended to deceive. In fact, the district court identified the issue at the first sentencing hearing as whether Quesada-Guerrero testified falsely and knowingly concerning material matters by denying the conduct and statements described by Williams, Thilo and Gill. Dunnigan did not require the court to repeat its conclusion that the false testimony was material and willfully deceptive at the second hearing.

Quesada-Guerrero also claims that the district court failed to identify in what way his testimony was false, and wrongly believed that Thilo testified that Quesada-Guerrero had put a gun into her side.[3] However, we are satisfied that the district court did not clearly err in accepting Thilo's testimony that Quesada-Guerrero had attempted to take her van at gunpoint and rejecting Quesada-Guerrero's blanket denial.

With respect to the denial of acceptance of responsibility, a defendant generally is not eligible for the

---

[3] Thilo testified, "I felt something on the side of me," turned and "saw a person standing next to the van and he had a gun . . . ."

6

acceptance of responsibility adjustment under USSG § 3E1.1 when he receives an upward adjustment for obstruction of justice under USSG § 3C1.1. See USSG § 3E1.1, comment. (n.4); United States v. Hudson, 272 F.3d 260, 263-64 (4th Cir. 2001). The defendant has the burden of showing that his circumstances are extraordinary. Id. Quesada-Guerrero contends that it was error to require him to show that his case was extraordinary when the district court's finding of obstruction of justice was not valid. Because the district court did not err in its determination of obstruction of justice, this claim is without merit.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED