**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4147**

UNITED STATES OF AMERICA,

                 Plaintiff - Appellee,

          v.

RICHARD FOSTER,

                 Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Rock Hill.   Cameron McGowan Currie, District
Judge.  (0:06-cr-01219-CMC-1)

Submitted:  January 26, 2009       Decided:  February 20, 2009

Before NIEMEYER, TRAXLER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Nicole E. Nicolette, THE MACE FIRM, Myrtle Beach, South Carolina,
for Appellant.  W. Walter Wilkins, United States Attorney, Robert
C. Jendron, Jr., Assistant United States Attorney, Columbia, South
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard Foster appeals his 168-month sentence imposed upon his guilty plea to armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d) (2000). He challenges the imposition of an obstruction of justice enhancement, the denial of an acceptance of responsibility adjustment, and contends that his sentence is unreasonable. We affirm.

In order to apply a sentencing enhancement for obstruction of justice under U.S. Sentencing Guidelines Manual ("USSG") § 3C1.1 (2007), the sentencing court must conclude that the defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense of conviction" and that the "obstructive conduct related to" the offense of conviction or a related offense. Examples of obstructive conduct are "committing, suborning, or attempting to suborn perjury"; "providing materially false information to a judge"; and "providing materially false information to a probation officer in respect to a presentence or other investigation for the court." USSG § 3C1.1, comment. (n.4).

Foster's false statements regarding both the proceeds from the robbery and his knowledge about the use of a firearm were material to sentencing. If believed, his statements would have affected the guideline calculation, which included both a firearm

2

enhancement and an enhancement for his role in the offense, as well as the court's determination of the sentence in light of the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2008) factors. Therefore, the district court did not clearly err in concluding that § 3C1.1 applied.

Section 3E1.1(a) of the Sentencing Guidelines provides for a two-level decrease of the offense level if a defendant clearly demonstrates acceptance of responsibility. An adjustment for obstruction of justice "ordinarily indicates that the defendant has not accepted responsibility," except in "extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply." USSG § 3E1.1, comment. (n.4).

The court did not clearly err in finding that Foster failed to demonstrate that his case was an extraordinary one where both adjustments may be applied. See United States v. Hudson, 272 F.3d 260, 263 (4th Cir. 2001) (defendant has the burden of showing that his circumstances are extraordinary). Foster lied to investigators and the court in an attempt to minimize his role in the offense at the same time that he was pleading guilty, and maintained this stance through the sentencing hearing.

Finally, we review sentences imposed by district courts for reasonableness, applying an abuse of discretion standard. Gall v. United States, 128 S. Ct. 586, 597-98 (2007); United States v. Pauley, 511 F.3d 468, 473-74 (4th Cir. 2007). When sentencing a

defendant, a district court must: (1) properly calculate the guideline range; (2) determine whether a sentence within that range serves the factors set out in 18 U.S.C.A. § 3553(a); (3) implement mandatory statutory limitations; and (4) explain its reasons for selecting a sentence. Pauley, 511 F.3d at 473. In the Fourth Circuit, "[a] sentence within the proper Sentencing Guidelines range is presumptively reasonable." United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007); see Rita v. United States, 551 U.S. 338, __; 127 S. Ct. 2456, 2462-69 (2007) (upholding presumption of reasonableness for within-guidelines sentence).

Here, the district court correctly calculated the guideline range, treated the guidelines as advisory, and considered the § 3553(a) factors. Although the district court did not explicitly discuss each § 3553(a) factor, it was not required to do so. See United States v. Moulden, 478 F.3d 652, 657 (4th Cir. 2007) (the district court "need not robotically tick through § 3553(a)'s every subsection" but should "provide [this court] an assurance that the sentencing court considered the § 3553(a) factors with regard to the particular defendant before [it] . . . ."). Additionally, although the district court imposed a sentence at the top of the guideline range, the court also exercised its discretion, over the Government's opposition, in ordering the federal sentence to run concurrently with the state sentence Foster was serving. See USSG § 5G1.3(c). Furthermore,

4

although the court noted Foster's lies during the investigation as a basis for its selection of a sentence at the top of the range, the court explicitly noted that it was not solely relying on the conduct that resulted in the obstruction enhancement and loss of acceptance of responsibility.

Neither Foster nor the record suggests any information so compelling as to rebut the presumption that a sentence within the properly calculated guideline range is reasonable. Accordingly, we affirm Foster's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5