**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-4731**

———————

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

JOHN EDWARD VANLUE GARRETT,

          Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Joseph F. Anderson, Jr., District Judge.  (3:07-cr-01394-JFA-l)

———————

Submitted:  August 31, 2010      Decided:  September 23, 2010

———————

Before NIEMEYER, DAVIS, and KEENAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

T. Kirk Truslow, TRUSLOW LAW FIRM, LLC, North Myrtle Beach, South Carolina, for Appellant.  Kevin F. McDonald, Acting United States Attorney, Mark C. Moore, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Edward Vanlue Garrett pled guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base (crack), 21 U.S.C. § 846 (2006) (Count 1); attempting to traffic in cocaine within 1000 feet of a playground, 21 U.S.C. §§ 846, 860 (2006) (Count 2); using and carrying a firearm during and in relation to and in furtherance of a drug trafficking crime, 18 U.S.C.A. § 924(c) (West 2000 & Supp. 2010) (Count 4); aiding and abetting armed robbery, 18 U.S.C. §§ 1951, 2 (2006) (Count 5); and possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (Count 7). He was sentenced to a term of 276 months imprisonment for the drug and firearm offenses, and a consecutive five-year sentence for the § 924(c) conviction. Garrett contends on appeal that the district court clearly erred in finding that he obstructed justice by threatening his co-defendant, William Holley, and clearly erred by denying him a reduction for acceptance of responsibility. U.S. Sentencing Guidelines Manual §§ 3C1.1, 3E1.1 (2008). We affirm.

Garrett was arrested with Holley and Rodney Pettigrew while they were in the act of buying two kilograms of cocaine from several Mexican drug dealers. Holley cooperated with law enforcement authorities after his arrest and was interviewed twice. At his second interview, Holley informed them that he

2

had not been fully forthcoming in his first interview out of fear of Garrett. According to Holley, he saw Garrett through a glass separator when they were both being held in the county detention center. Garrett pointed at Holley, then put his fingers to his head and gestured as though shooting a gun. Holley took this as a threat. He also said he and his co-defendants intended to rob the Mexicans and that Garrett had told him, just after their arrests, that he would likely have shot one of the Mexicans. Both Garrett and Pettigrew were armed when they were arrested. Based on this information, the probation officer recommended an adjustment for obstruction of justice, with no reduction for acceptance of responsibility.

At the sentencing hearing, both Holley and Garrett testified. Garrett denied making any threat. His lawyer argued that, if Garrett did make a gesture, Holley might have misinterpreted it. The district court accepted Holley's version of events and his representation that he felt threatened by Garrett's gesture, and overruled Garrett's objections.

The sentencing guidelines provide for a two-level adjustment to a defendant's offense level if the defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and . . . the obstructive conduct related to

3

(i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense." USSG § 3C1.1. Obstructive conduct within the meaning of § 3C1.1 includes, but is not limited to, "threatening, intimidating, or otherwise unlawfully influencing a co-defendant, witness, or juror, directly or indirectly, or attempting to do so." Id., cmt. n.4(a). Whether a defendant obstructed justice is a factual question reviewed for clear error. United States v. Kiulin, 360 F.3d 456, 460 (4th Cir. 2004).

Garrett contends that the gesture he allegedly made to Holley was ambiguous, and that the court decided that it was a threat based solely on Holley's subjective interpretation of it. Garrett claims that, without some evidence to support Holley's interpretation that the gesture was a threat, and that it related to Garrett's instant offense or one closely related, the adjustment was clearly erroneous.

The district court's decision to accept Holley's testimony that Garrett threatened him by means of a gesture was a credibility determination, to which the appellate court generally defers. See United States v. Griffin, 589 F.3d 148, 151 n.1 (4th Cir. 2009) ("[I]t is the role of the district court to observe witnesses and weigh their credibility.") (internal quotation and citation omitted). The district court found Holley a credible witness. We conclude that its determination

4

that Garrett had obstructed justice by attempting to intimidate a co-defendant was not clearly erroneous.

A defendant generally is not eligible for the acceptance of responsibility adjustment under USSG § 3E1.1 when he receives an upward adjustment for obstruction of justice under USSG § 3C1.1. See USSG § 3E1.1 cmt. n.4; United States v. Hudson, 272 F.3d 260, 263-64 (4th Cir. 2001). The defendant has the burden of showing that his circumstances are extraordinary, in which case both adjustments might apply. USSG § 3E1.1 cmt. n.4.

Garrett did not file a written objection to the probation officer's failure to recommend an adjustment for acceptance of responsibility, but at the sentencing hearing the government informed the court that Garrett was objecting to the lack of a reduction for acceptance of responsibility. However, the evidence presented and the parties' argument focused exclusively on Garrett's alleged obstruction of justice. He made no attempt to show that his case was an extraordinary one where he might receive a reduction for acceptance of responsibility even though the district court found that he had obstructed justice. Moreover, the record does not disclose any basis for such a claim. Consequently, the district court did not clearly err in denying Garrett an adjustment under § 3E1.1.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED