**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-5011**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

RICARDO SANCHEZ MENDOZA,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   James C. Dever III, District Judge. (5:09-cr-00091-D-1)

Submitted: October 14, 2010        Decided: November 10, 2010

Before DAVIS and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed and remanded by unpublished per curiam opinion.

John Keating Wiles, CHESHIRE, PARKER, SCHNEIDER, BRYAN & VITALE, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ricardo Sanchez Mendoza pled guilty to one count of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846 (2006), and three counts of distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1) (2006). He pled not guilty to possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A) (2006), and was found guilty by a jury. The district court sentenced Mendoza to 144 months in prison. On appeal, Mendoza alleges that the district court erred in denying his motion to suppress evidence of out-of-court photographic identifications and that he should have received a downward adjustment in his sentence for acceptance of responsibility. For the following reasons, we affirm Mendoza's conviction and sentence. We remand solely for the purpose of correcting a clerical error in the judgment. See Fed. R. Crim. P. 36.

Mendoza first argues that the district court erred in denying his motion to suppress evidence of his out-of-court photographic identifications by Rasheed Hakeem White. We review de novo the district court's legal conclusion as to whether the identifications violated the Due Process Clause and its factual findings for clear error. United States v. Saunders, 501 F.3d 384, 389 (4th Cir. 2007).

2

The Due Process Clause protects against identification procedures that are unnecessarily suggestive and conducive to mistaken identifications. Neil v. Biggers, 409 U.S. 188, 198 (1972). A court must engage in a two-step inquiry in determining whether identification testimony is admissible. See United States v. Wilkerson, 84 F.3d 692, 695 (4th Cir. 1996). First, the defendant must establish that the identification procedure was impermissibly suggestive. See Manson v. Brathwaite, 432 U.S. 98, 108-10 (1977); Satcher v. Pruett, 126 F.3d 561, 566 (4th Cir. 1997). If he meets this burden, then the court must determine whether the identification was nevertheless reliable under the totality of the circumstances. Manson, 432 U.S. at 114. On appeal, this court is permitted to assume the suggestiveness of an identification procedure and move directly to the second, reliability step. Holdren v. Legursky, 16 F.3d 57, 61 (4th Cir. 1994).

In determining reliability, the court considers the following factors: (1) "the opportunity of the witness to view the criminal at the time of the crime"; (2) "the witness' degree of attention"; (3) "the accuracy of the witness' prior description of the criminal"; (4) "the level of certainty demonstrated by the witness" at the identification; and (5) "the length of time between the crime" and the identification. Neil, 409 U.S. at 199-200; see Saunders, 501 F.3d at 391.

3

Because we agree with the district court that White's identification of Mendoza was reliable under the <u>Neil</u> factors, we do not address the question of the alleged suggestiveness of the photographic identifications. White made unequivocal, positive identifications of Mendoza after meeting with Mendoza twice during drug transactions where a maximum of four people were present. White's description of Mendoza, made soon after one of the transactions and prior to viewing the photograph, was largely accurate. Under these circumstances, we hold that White's identification was reliable, and that this reliability outweighs any "corrupting effect of the suggestive identification itself."[*] <u>Manson</u>, 432 U.S. at 114. Accordingly, we conclude that that the district court did not err in denying Mendoza's motion to suppress.

Next, Mendoza asserts that he should have received a downward adjustment for acceptance of responsibility. However, a defendant generally is not eligible for the acceptance of responsibility adjustment under <u>U.S. Sentencing Guidelines Manual</u> ("USSG") § 3E1.1 (2008) when he receives an upward adjustment for obstruction of justice under USSG § 3C1.1.

---

[*] Our confidence in the integrity of White's identification of Mendoza is bolstered by the fact that White was arrested near Mendoza's house and identified the location of the house, and that cell phone records indicated contact between White and Mendoza.

United States v. Hudson, 272 F.3d 260, 263 (4th Cir. 2001). The defendant has the burden of showing that his circumstances are extraordinary. Id. Mendoza does not challenge the obstruction of justice adjustment. We hold that Mendoza failed to demonstrate extraordinary circumstances warranting application of an acceptance of responsibility adjustment.

Accordingly, we affirm Mendoza's conviction and sentence. We note, however, that the judgment entered by the district court reflects that Mendoza was convicted by a jury on all counts. In fact, Mendoza pleaded guilty to Counts One, Two, Four and Five, and was found guilty by a jury after pleading not guilty to Count Three. We remand for the purpose of correcting this clerical error. See Fed. R. Crim. P. 36. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED AND REMANDED

5