**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5045**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

TERRON MCALLISTER,

            Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Dever III, District Judge. (7:06-cr-00044-D-1)

Submitted: May 7, 2010                    Decided: May 28, 2010

Before WILKINSON and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Richard L. Cannon, III, CANNON LAW OFFICES, PLLC, Greenville, North Carolina, for Appellant. Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Terron McAllister pled guilty to possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (2006), and using and carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1) (2006). The district court sentenced him to 180 months on the drug charge and a mandatory consecutive 60-month term on the firearm charge. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in his view, there are no meritorious issues for appeal, but raising the issues of whether there was ineffective assistance of counsel or prosecutorial misconduct warranting setting aside the judgment, whether the district court properly calculated the advisory guideline range, and whether the court erred in upwardly departing from the advisory guideline range. Counsel also noted additional issues concerning the adequacy of the court's notice that it was contemplating an upward departure, whether the court erred by denying McAllister's request to reopen the evidence at sentencing, and whether the government violated the plea agreement by arguing for a higher guideline range than that agreed to in the plea agreement, and whether there was sufficient evidence to support the district court's findings at sentencing. In a pro se supplemental brief, McAllister asserted

2

that his criminal history was improperly computed, the district court improperly enhanced his sentence based on a drug quantity not admitted to by him, and that the evidence on which the court made sentencing findings was not sufficiently reliable. Finding no reversible error, we affirm.

In the plea agreement, the Government and McAllister stipulated that he would be accountable for between three and four grams of crack cocaine. At sentencing, the Government presented witnesses who testified that McAllister directed members of a violent gang to threaten and assault two witnesses who had planned to testify against McAllister. Upon questioning by the court, one witness explained that he had paid McAllister 4.5 ounces of cocaine every month for a year in exchange for McAllister providing security for him. The district court continued the sentencing hearing to allow the probation officer to recompute the advisory guideline range taking this drug quantity into account. The district court also provided oral and written notice that it was considering an upward departure from the resulting guideline range based on McAllister's conduct of obstructing justice and committing perjury.

McAllister thereafter moved the court to allow him to present additional evidence in rebuttal. At the reconvened sentencing hearing, the court accepted a proffer of evidence from McAllister and, considering the proffer, determined that it

3

did not alter the court's findings that McAllister committed perjury and obstructed justice. The court adopted the sentencing computation in the revised presentence report, and thereafter upwardly departed a total of four offense levels from the redetermined advisory guideline range and sentenced McAllister to 180 months on the drug charge and a mandatory consecutive 60-month term on the firearm charge.

Initially, we note that, although not challenged by McAllister, we find that his guilty plea is valid. The district court fully complied with the mandates of Fed. R. Crim. P. 11 in accepting his guilty plea and ensured that McAllister entered his plea knowingly and voluntarily and that the plea was supported by an independent factual basis. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). Accordingly, we affirm McAllister's convictions.

Although counsel raises the possibility of ineffective assistance of counsel, our review of the record discloses no evidence of this. Accordingly, that issue is not properly addressed on direct appeal. See United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2009) (holding that court will "address [claims of ineffective assistance] on direct appeal only if the lawyer's ineffectiveness conclusively appears from the record").

McAllister asserts that the Government may have breached the plea agreement or engaged in prosecutorial misconduct by arguing at sentencing for a greater drug quantity than that stipulated in the plea agreement and by changing its position on McAllister's eligibility for the three-level reduction for acceptance of responsibility. However, after the district court made explicit findings that McAllister perjured himself during the sentencing hearing and influenced members of a gang in prison to threaten and assault two cooperating witnesses, the Government asked the court to find that, in light of his conduct, the Government was no longer bound by the agreed position with respect to sentencing factors. The district court made this finding and therefore, the Government's change of position was justified in light of the change of circumstances wrought by McAllister's conduct.

McAllister also questions the sufficiency of the court's notice pursuant to Fed. R. Crim. P. 32(h) that it was considering upwardly departing. We find the notice was clearly sufficient. The court notified the parties during the initial sentencing hearing of the bases upon which it was considering departing. The court also continued the sentencing hearing to provide written notice and to allow McAllister the opportunity to provide evidence on the departure issue. This was sufficient notice. See Burns v. United States, 501 U.S. 129, 138 (1991).

5

McAllister also questions whether the court erred in refusing to reopen the evidentiary portion of the sentencing to allow him to present rebuttal evidence. The court accepted McAllister's proffer of evidence and, even considering the evidence proffered by McAllister, the court found that McAllister did, in fact, obstruct justice by requesting the gang members to assault and threaten cooperating witnesses. McAllister cannot show that he was prejudiced by the court's refusal to allow additional witnesses to testify in support of the proffer.

Next, McAllister contends that the guideline sentencing range was improperly calculated. He asserts that the base offense level should have been 20 based on the stipulated drug quantity in the plea agreement. He also contends that he should have received a three-level reduction for acceptance of responsibility. However, after an evidentiary hearing at sentencing, the court found that McAllister was accountable for a significantly greater drug quantity and directed the probation officer to prepare a new presentence report including the 4.5 ounces (127.58 grams) of cocaine per month that McAllister received from Perez as payment for McAllister providing security. The district court credited Perez's testimony, which supports this quantity, and therefore this finding is not clearly erroneous.

6

McAllister contends that the criminal history was improperly computed, asserting that he should not have received a criminal history point for his "driving while license suspended/reckless driving to endanger" conviction for which he received a forty-five day sentence. This offense was properly attributed a criminal history point under USSG § 4A1.1(c). See USSG § 4A1.2(c)(1), (2).

McAllister also contends that the district court erred in enhancing his sentence based on facts not admitted to by him in the plea agreement or the plea hearing. This argument lacks merit. See United States v. Booker, 543 U.S. 220, 246 (2005); United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005).

McAllister also challenges the district court's factual findings in support of the obstruction of justice enhancements. We find no merit to this challenge. See United States v. Layton, 564 F.3d 330, 334 (4th Cir. 2009) (affording great deference to district court's credibility determinations) (quoting United States v. Feurtado, 191 F.3d 420, 424 n.2 (4th Cir. 1999)).

In the Anders brief, counsel also addresses the reasonableness of the court's upward departure from the advisory guideline range established at sentencing due to the court's findings that McAllister obstructed justice and committed perjury. We review for clear error a district court's

7

determination that a defendant obstructed justice. <u>United States v. Hughes</u>, 401 F.3d 540, 560 (4th Cir. 2005). Here, the district court found that McAllister committed perjury during the sentencing hearing. This finding is sufficient to support the obstruction of justice enhancement. USSG § 3C1.1, comment. (n.4(b)). Also, an enhancement for obstruction of justice "ordinarily indicates that a defendant has not accepted responsibility for his criminal conduct," except in "extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply." USSG § 3E1.1, cmt. n.4. We find this is not such an extraordinary case as would allow McAllister the benefit of acceptance of responsibility in spite of his perjury and other obstructive conduct. <u>See</u> <u>United States v. Hudson</u>, 272 F.3d 260, 263 (4th Cir. 2001).

We also uphold the district court's upward adjustments to McAllister's offense level under USSG §§ 5K2.0(a)(1) and 5K2.2 based on the severity of his obstructive conduct and the seriousness and extent of physical injury. Notably, McAllister's conduct resulted in five separate assaults--verbal or physical--of two cooperating witnesses. Perez was left with a visible scar over his eye following one attack, and McAllister repeatedly perjured himself during the sentencing hearing. These findings are sufficient to warrant an upward departure. <u>See</u> <u>United States v. Scheetz</u>, 293 F.3d 175, 191 (4th Cir. 2002)

8

(upholding departure under USSG § 5K2.1 and USSG § 5K2.2 because defendant "help[ed] put into motion a chain of events that risk[ed] serious injury or death" and because the defendant "should have foreseen the possibility of serious physical harm to another as a result of his actions"); United States v. Ventura, 146 F.3d 91, 97-98 (2d Cir. 1998) (justifying departure based on multiple, unrelated acts of obstruction); United States v. Furkin, 119 F.3d 1276, 1283-85 (7th Cir. 1997) (approving upward departure for multiple acts of obstruction, including threatening witnesses).

Finally, we find that McAllister's sentence was reasonable. We review a sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007), considering both the procedural and substantive reasonableness of a sentence. Id. We find that the district court correctly determined McAllister's guideline range, appropriately considered the 18 U.S.C. § 3553(a) (2006) factors, addressed the arguments presented by the parties, and sufficiently explained the selected sentence. Gall, 552 U.S. at 49-50. Additionally, we find that the district court appropriately provided an individualized explanation of the reasons for the sentence and for the departures above the advisory guidelines range. See United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010) ("[A]n individualized explanation must

9

accompany <u>every</u> sentence."); <u>United States v. Engle</u>, 592 F.3d 495, 500 (4th Cir. 2010) (quoting <u>Rita v. United States</u>, 551 U.S. 338, 356 (2007)); <u>United States v. Carter</u>, 564 F.3d 325, 330 (4th Cir. 2009).

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm McAllister's convictions and his sentences of 180 months on the drug charge and a 60-month consecutive sentence on the firearms charge. <u>See</u> 18 U.S.C. § 924(c). This court requires that counsel inform McAllister, in writing, of the right to petition the Supreme Court of the United States for further review. If McAllister requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on McAllister. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>