**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 09-4594

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DERRICK ANTONIO MITCHELL,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas David Schroeder, District Judge.  (1:05-cr-00051-TDS-1)

Submitted:  June 29, 2010              Decided:  July 12, 2010

Before MOTZ and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

James B. Craven, III, Durham, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Sandra J. Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derrick Antonio Mitchell pled guilty to one count of distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (2006). In the presentence investigation report ("PSR"), Mitchell was found to have obstructed justice because he absconded from pretrial supervision and was hiding from law enforcement until he was found and arrested three years after his initial arrest. Because he absconded and was found to have obstructed justice, he was not given credit for acceptance of responsibility. Over Mitchell's objections, the sentencing court agreed with the PSR's recommendation. We affirm.

Section 3E1.1(a) of the Sentencing Guidelines provides for a two-level decrease to a defendant's offense level if the defendant clearly demonstrates acceptance of responsibility for his offense. Under USSG § 3E1.1(b), a defendant who qualifies for a decrease under USSG § 3E1.1(a) and timely accepts responsibility may receive an additional one-level reduction on the Government's motion. An enhancement for obstruction of justice, however, "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct," except in "extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply." USSG § 3E1.1, cmt. n.4. The defendant bears the burden of showing that his circumstances are extraordinary. United States v. Hudson, 272 F.3d 260, 263

2

(4th Cir. 2001).  The district court's decision to deny a reduction for acceptance of responsibility is reviewed for clear error.  United States v. Ruhe, 191 F.3d 376, 388 (4th Cir. 1999).  We find no clear error.  See United States v. Miller, 77 F.3d 71, 74-75 (4th Cir. 1996).  The cases cited by Mitchell in support of his argument are clearly distinguishable.

Accordingly, we affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED