**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4907**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

JIMMY LANE STOUT,

        Defendant – Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.   Richard L. Voorhees, District Judge.  (5:05-cr-00007-RLV-DCK-1)

Submitted:  March 7, 2011        Decided:  May 5, 2011

Before MOTZ, GREGORY, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Joshua D. Davey, MCGUIREWOODS, LLP, Charlotte, North Carolina, for Appellant.   Amy Elizabeth Ray, Edward R. Ryan, Assistant United States Attorneys, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jimmy Lane Stout appeals from his conviction and 210-month total sentence imposed following his guilty plea to conspiracy to possess with intent to distribute a quantity of methamphetamine and a quantity of marijuana, and using and carrying a firearm during and in relation to a drug trafficking offense. Stout's attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), addressing the obstruction of justice enhancement imposed and the denial of a reduction for acceptance of responsibility after Stout absconded prior to sentencing, but stating that there was no merit to the appeal. Stout filed a pro se brief reiterating counsel's issues, asserting that he should not have lost the benefit of the government's motion for a downward departure, and requesting that his sentences on the drug and firearm charges run concurrently. Our review of the record discloses no reversible error; accordingly, we affirm Stout's conviction and sentence.

We find that Stout's guilty plea was knowingly and voluntarily entered after a thorough hearing pursuant to Fed. R. Crim. P. 11. Stout was properly advised of his rights, the offenses charged, and the mandatory minimum and the maximum sentence he faced. The court also determined that there was an independent factual basis for the plea and that the plea was not

2

coerced or influenced by any promises. See United States v. DeFusco, 949 F.2d 114, 119-20 (4th Cir. 1991).

This court reviews Stout's sentence for reasonableness under a deferential abuse-of-discretion standard. See Gall v. United States, 552 U.S. 38, 51 (2007). In reviewing a sentence, this court must first ensure that the district court properly calculated the defendant's advisory guideline range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). The court then considers the substantive reasonableness of the sentence imposed under the totality of the circumstances. Gall, 552 U.S. at 51.

We review for clear error a district court's determination that a defendant obstructed justice. United States v. Hughes, 401 F.3d 540, 560 (4th Cir. 2005). Here, the district court found that Stout obstructed justice by failing to appear for sentencing as directed and by remaining a fugitive for three years. These facts are not disputed by Stout and are sufficient to support the obstruction of justice enhancement. U.S. Sentencing Guidelines Manual § 3C1.1, cmt. n.4(e) (2008). Also, an enhancement for obstruction of justice "ordinarily indicates that defendant has not accepted responsibility for criminal conduct," except in "extraordinary cases in which

3

adjustments under both §§ 3C1.1 and 3E1.1 may apply." USSG § 3E1.1, cmt. n.4. We find this is not such an extraordinary case as would allow Stout the benefit of acceptance of responsibility in spite of his failure to appear for sentencing and prolonged period as a fugitive. See United States v. Hudson, 272 F.3d 260, 263 (4th Cir. 2001).

Turning to the issues raised in Stout's pro se brief, we find no error by the sentencing court in allowing the government to withdraw its motion for a downward departure when Stout failed to appear for sentencing as directed. Also, Stout's challenge to the mandatory consecutive sentencing scheme of 18 U.S.C. § 924(c)(1)(A)(i) (2006) has been rejected by the Supreme Court in Abbott v. United States, 562 U.S. ___, 131 S. Ct. 18 (2010); see United States v. Studifin, 240 F.3d 415 (4th Cir. 2001). Accordingly, we conclude that this claim is without merit.

Finally, we find that the district court correctly determined Stout's advisory guideline range, provided an individualized analysis of the § 3553(a) factors as they apply to Stout's circumstances, analyzed the arguments presented by the parties, and acted within its discretion by departing downward to a 150-month sentence on the drug charge. We find that the 210-month total sentence imposed was not procedurally

4

or substantively unreasonable, and therefore not an abuse of discretion. See Gall, 552 U.S. at 51.

As required by Anders, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Stout's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED