<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4095**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

    v.

JERMAINE LAMONT JENKINS, a/k/a Twin,

               Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. N. Carlton Tilley, Jr., Senior District Judge. (1:13-cr-00487-NCT-1)

Submitted: November 30, 2015      Decided: January 15, 2016

Before NIEMEYER, MOTZ, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

George E. Crump, III, Rockingham, North Carolina, for Appellant. Ripley Rand, United States Attorney, Joanna G. McFadden, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jermaine Lamont Jenkins pled guilty to conspiracy to commit bank fraud, 18 U.S.C. § 1349 (2012), and aggravated identity theft, 18 U.S.C. § 1028A(a)(1) (2012). The district court sentenced Jenkins to a total of 154 months' imprisonment. He now appeals, raising three issues related to the calculation of his sentence. We affirm.

Jenkins contends that the district court clearly erred in applying a four-level sentencing enhancement for leadership, pursuant to U.S. Sentencing Guidelines Manual § 3B1.1(a) (U.S. Sentencing Comm'n 2013), and a two-level sentencing enhancement for obstruction of justice, pursuant to USSG § 3C1.1. A district court's factual findings at sentencing are reviewed for clear error. United States v. Andrews, __ F.3d __, __, 2015 WL 6575671, at *4 (4th Cir. Oct. 30, 2015) (No. 14-4422) (obstruction-of-justice enhancement); United States v. Steffen, 741 F.3d 411, 414 (4th Cir. 2013) (leadership enhancement). Our review of the record reveals no clear error by the district court in these determinations. Accordingly, the enhancements were proper.

Jenkins also asserts that the district court erred in denying him a three-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1. Absent extraordinary circumstances, a defendant is ineligible for the acceptance-of-

2

responsibility adjustment when he receives an obstruction-of-justice enhancement. USSG § 3E1.1 cmt. n.4; see United States v. Knight, 606 F.3d 171, 175 (4th Cir. 2010). Jenkins fails to establish extraordinary circumstances warranting a reduction. See United States v. Hudson, 272 F.3d 260, 263-64 (4th Cir. 2001) (assigning burden to defendant). Thus, we conclude that the district court did not clearly err in denying the reduction. See United States v. Burns, 781 F.3d 688, 692 (4th Cir.) (stating standard of review), cert. denied, 135 S. Ct. 2872 (2015).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED