**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4822**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JUAN ERNESTO ORTIZ-RODRIGUEZ,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:15-cr-00073-RLV-DCK-4)

Submitted: June 23, 2017                                           Decided: July 14, 2017

Before DUNCAN and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Steven T. Meier, MEIER LAW, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan Ernesto Ortiz-Rodriguez (Ortiz) pled guilty pursuant to a plea agreement to conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2012). The district court calculated Ortiz's Guidelines range under the U.S. Sentencing Guidelines Manual (2015) at 120 to 135 months' imprisonment and sentenced him to 120 months' imprisonment.

On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court reversibly erred in determining that Ortiz was not entitled to relief under the safety valve, 18 U.S.C. § 3553(f) (2012), enhancing Ortiz's Guidelines offense level under USSG § 3C1.1 for obstruction of justice, and denying a reduction to his Guidelines offense level under USSG § 3E1.1 for acceptance of responsibility. Ortiz was informed of his right to file a pro se supplemental brief, but he has not done so. The Government elected not to file a brief and does not seek to enforce the appeal waiver in Ortiz's plea agreement.[1] We affirm.

The safety valve directs district courts in limited circumstances to impose a sentence pursuant to the Sentencing Guidelines regardless of any statutory mandatory minimum sentence and applies only when certain requirements are met. 18 U.S.C. § 3553(f). Among these is the requirement that the defendant "truthfully provide[] to the

_____

[1] Because the Government fails to assert the waiver as a bar to the appeal, we may consider the issues raised by counsel and conduct an independent review of the record pursuant to *Anders*. *United States v. Poindexter*, 492 F.3d 263, 271 (4th Cir. 2007).

Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan" not later than the sentencing hearing. *Id.* § 3553(f)(5). The safety valve "requires broad disclosure from the defendant." *United States v. Henry*, 673 F.3d 285, 293 (4th Cir. 2012) (internal quotation marks omitted). "The district court is obligated to determine whether a defendant has truthfully provided the [G]overnment with all known relevant information, and the court may consider any false statements a defendant may have made when evaluating the defendant's credibility." *Id.* A district court's decision regarding eligibility for relief under the safety valve is a question of fact reviewed for clear error. *Id.* at 292. This standard of review permits reversal only if this court "is left with the definite and firm conviction that a mistake has been committed." *Id.* (internal quotation marks omitted).

Here, the Government's unobjected-to proffer—on which the district court properly relied, *see United States v. Slade*, 631 F.3d 185, 188 (4th Cir. 2011), established that, during a session with prosecutors to prepare Ortiz for testimony in the trial of his codefendant, Ortiz made a false statement denying the involvement of the codefendant in the conspiracy. Because Ortiz did not truthfully provide the Government with information he had concerning his offense, we conclude that the district court did not clearly err in denying him relief under the safety valve.

Next, we review for clear error the district court's determination that Ortiz obstructed justice under USSG § 3C1.1. *United States v. Andrews*, 808 F.3d 964, 969

(4th Cir. 2015), *cert. denied*, 136 S. Ct. 1392 (2016).  Section 3C1.1 of the Guidelines instructs a district court to increase a defendant's offense level by two levels if:

> (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense.

USSG § 3C1.1.  Application Note 4(G) states that "providing a materially false statement to a law enforcement officer that significantly obstructed or impeded the official investigation or prosecution of the instant offense" warrants the enhancement. *Id.* cmt. n.4(G).

We conclude that the district court did not clearly err in determining that Ortiz obstructed justice under § 3C1.1.  Ortiz's statement to prosecutors denying his codefendant's involvement in the conspiracy was both material and false.  A statement is material under § 3C1.1 when "if believed," the statement "would tend to influence or affect the issue under determination."  USSG § 3C1.1 cmt. n.6.  Ortiz's statement during the trial preparation session falsely denying that his codefendant participated in the conspiracy met the "conspicuously low" bar for materiality.  *United States v. Gormley*, 201 F.3d 290, 294 (4th Cir. 2000) (internal quotation marks omitted).  The record also supports the conclusion that Ortiz's false statement "significantly obstructed or impeded" the prosecution of the instant conspiracy offense as to the codefendant by forcing the

4

Government to make what it termed a *Giglio*[2] disclosure of the statement to the codefendant and depriving it of credible testimony from Ortiz that the codefendant was involved in the conspiracy.

Turning to the district court's decision to deny Ortiz a reduction to his offense level under USSG § 3E1.1 for acceptance of responsibility, absent extraordinary circumstances, a defendant is ineligible for such a reduction when he receives an offense-level enhancement for obstruction of justice. USSG § 3E1.1 cmt. n.4; *see United States v. Knight*, 606 F.3d 171, 175 (4th Cir. 2010). Ortiz has not suggested—and the record does not reveal the existence of—extraordinary circumstances warranting application of the reduction in this case. *See United States v. Hudson*, 272 F.3d 260, 263-64 (4th Cir. 2001) (assigning burden of establishing extraordinary circumstances to defendant). We therefore conclude that the district court did not clearly err in denying the reduction. *United States v. Burns*, 781 F.3d 688, 692 (4th Cir. 2015) (stating standard of review).

Finally, in accordance with *Anders*, we have reviewed the remainder of the record in this case and have found no meritorious issues for appeal. We therefore affirm the criminal judgment. This court requires that counsel inform Ortiz, in writing, of the right to petition the Supreme Court of the United States for further review. If Ortiz requests that a petition be filed, but counsel believes that such a petition would be frivolous, then

---

[2] *Giglio v. United States*, 405 U.S. 150, 154-55 (1972) (requiring Government to furnish defendant with material evidence affecting credibility of witnesses).

5

counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Ortiz.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*